NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

LELAND STANFORD JUNIOR
UNIVERSITY, Respondent.

No. 82-7593.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1983.
Decided Sept. 7, 1983.

Elliott Moore, Washington, D.C., for petitioner.

Priscilla Wheeler, Stanford, Cal., for respondent.

Before TUTTLE,* MERRILL, and PRE-GERSON, Circuit Judges.

PREGERSON, Circuit Judge:

The National Labor Relations Board (the Board) seeks enforcement of its order requiring Stanford University to provide Service Employees Local No. 715 (the union), which represents approximately 1,400 of Stanford's 5,000 employees, with information pertaining to certain non-union employees. The Board's order affirming the Administrative Law Judge's decision is reported at 262 NLRB 19 (1982). We conclude that there is substantial evidence to support the findings and conclusions upon which the order is based. We also conclude that the Board did not abuse its discretion in attempting to remedy unfair labor practices. We therefore enforce the Board's order.

■ Under Section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), an employer is required to supply the union that represents its employees with information relevant to the union's collective bargaining duties. *Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 303, 99 S.Ct. 1123, 1125, 59 L.Ed.2d 333 (1979). The employer's obligation to disclose extends to information relevant both to the union's duty to administer *existing* collective bargaining agreements and to the union's responsibility to negotiate *future* agreements. "This duty is based upon the belief that without such information the union would be unable to properly perform its duties specified in the collective bargaining agreement and no meaningful bargaining could take place." *San Diego Newspaper Guild, Etc. v. N.L.R.B.*, 548 F.2d 863, 866–67 (9th Cir.1977) (footnote omitted).

■ A broad test is applied to determine whether information the union seeks is relevant to its collective bargaining needs. "[T]he information only need be directly related to the union's function as a bargaining representative and that it appear reasonably necessary for the performance of

that function." Id. at 867 n. 7, citing *General Electric Co. v. N.L.R.B.*, 466 F.2d 1177, 1183 (6th Cir.1972) and *P.R. Mallory & Co. v. N.L.R.B.*, 411 F.2d 948, 955 (7th Cir.1969). The Supreme Court has described the standard for relevancy as a "discovery-type standard." *N.L.R.B. v. Acme Industrial Co.*, 385 U.S. 432, 437, 87 S.Ct. 565, 568, 17 L.Ed.2d 495 (1967).

■ In the instant case, the union seeks information concerning employees *outside* the bargaining unit. In such cases, the union has the burden of demonstrating relevance. This court described that burden in *San Diego Newspaper Guild*, 548 F.2d at 868–69:

[T]he showing by the union must be more than a mere concoction of some general theory which explains how the information would be useful to the union .... To hold otherwise would be to give the union unlimited access to any and all data which the employer has. Conversely, however, to require an initial, burdensome showing by the union ... defeats the very purpose of the "liberal discovery standard" of relevance which is to be used. *Balancing these two conflicting propositions, the solution is to require some initial, but not overwhelming, demonstration by the union ....*

(Emphasis added.) We must give "great weight" to the NLRB's determination as to whether information requested by the union is relevant. *Id.* at 867.

■ We are satisfied that there was substantial evidence to support the Board's finding that the information the union sought was relevant to its collective bargaining duties. The union had reason to believe that Stanford was avoiding the reclassification of employees from temporary/non-union to permanent/union by terminating temporary employees a few days before their temporary status would end, then rehiring or replacing them a few days later. The union had also received complaints from union members that Stanford was violating the collective bargaining

* Honorable Elbert Parr Tuttle, Sr. U.S. Circuit    Judge, 11th Circuit, sitting by designation.

agreement with respect to the use of non-union employees by contractors. Finally, the union needed the requested information pertaining to non-union life science research assistants in order to meet its duties to the union-represented life science technicians.

The Board did not abuse its discretion by ordering Stanford to furnish the union with the information it requested. The Board's order is therefore ENFORCED.