723 F.2d 746
 115 L.R.R.M. (BNA) 2468, 99 Lab.Cas. P 10,714
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
and
Hospital Service Employees Union Local 399, Service
Employees International Union, AFL-CIO, Intervenor,
v.
REALTY MAINTENANCE, INC., d/b/a National Cleaning Company, Respondent.
 No. 83-7195.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 3, 1983.
Decided Jan. 13, 1984.
 
 Joseph Oertel, Helen L. Morgan, Washington, D.C., for petitioner.
 Henry Silberberg, Los Angeles, Cal., Robert M. Sprague, San Francisco, Cal., for respondent.
 Howard Z. Rosen, Los Angeles, Cal., for intervenor.
 On Petition for Enforcement of an Order of the National Labor relations board.
 Before KENNEDY, SKOPIL, and PREGERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The National Labor Relations Board petitions for enforcement of its order, 265 N.L.R.B. No. 173 (Dec. 16, 1982), requiring employer Realty Maintenance, Inc. to provide Local 399 of the Hospital Service Employees Union with certain information regarding the employer's business relationships with two other firms. Because substantial evidence supports the Board's findings, we enforce the order.
 
 
 2
 National Labor Relations Act Sec. 8(a)(5), 29 U.S.C. Sec. 158(a)(5) (1976), requires the employer to supply the union with information relevant to the union's collective bargaining duties. Detroit Edison Co. v. NLRB, 440 U.S. 301, 303, 99 S.Ct. 1123, 1125, 59 L.Ed.2d 333 (1979); NLRB v. Acme Industrial Co., 385 U.S. 432, 435-36, 87 S.Ct. 565, 567-68, 17 L.Ed.2d 495 (1967); NLRB v. Truitt Manufacturing Co., 351 U.S. 149, 152-53, 76 S.Ct. 753, 755-56, 100 L.Ed. 1027 (1956); NLRB v. Leland Stanford, Jr. University, 715 F.2d 473, 474-75 (9th Cir.1983). Relevant information includes information requested for the purpose of policing the collective bargaining agreement and processing grievances. Acme Industrial Co., 385 U.S. at 435-38, 87 S.Ct. at 567-69; NLRB v. Associated General Contractors, 633 F.2d 766, 770 (9th Cir.1980), cert. denied, 452 U.S. 915, 101 S.Ct. 3049, 69 L.Ed.2d 418 (1981).
 
 
 3
 Between 1976 and 1979, five to six employees complained to the union's vice president that they were receiving lower wages than the collective bargaining agreement established. In some cases, they produced paycheck stubs bearing the names of firms called Maintenance Development Ecology or General Building Services, rather than the name Realty Maintenance, their purported employer.[1]
 
 
 4
 Some of these employees also complained that they had been unable to collect the health and welfare benefits that the contract provided. When the employees checked with the union's health and welfare office, they discovered that the employer was not paying into those funds on their behalf.
 
 
 5
 In response to these complaints, the union invoked the grievance procedure. The union's vice president sent two letters, both dated October 19, 1979, asking the employer to provide extensive information about its business relationships with Maintenance Development and General Building.[2]
 
 
 6
 To determine whether the information that the union seeks is relevant, we apply a liberal "discovery-type standard." Acme Industrial Co., 385 U.S. at 437, 87 S.Ct. at 568. "[T]he information [need only] be directly related to the union's function as a bargaining representative and ... appear reasonably necessary for the performance of that function." San Diego Newspaper Guild v. NLRB, 548 F.2d 863, 867 n. 7 (9th Cir.1977) (citations omitted). Moreover, we hold the union to a slightly greater "initial, but not overwhelming, demonstration" when it seeks information meeting these standards, but pertaining to matters beyond the more traditional request for data about employees in the bargaining unit. Id. at 869; cf. Stanford University, 715 F.2d at 474-75 (enforcing order to provide union with information about employees outside the bargaining unit).
 
 
 7
 We think that the union needed the requested information to perform an essential collective bargaining function. The union had reason to suspect that the employer was attempting to circumvent the collective bargaining contract by secretly cutting wages and diverting work to other, possibly related, firms. Without further data, however, it could not successfully act on these suspicions. See, e.g., Press Democrat Publishing Co. v. NLRB, 629 F.2d 1320, 1325 (9th Cir.1980).
 
 
 8
 The Board's order is ENFORCED.
 
 
 
 [1]
 Realty Maintenance, which does business as National Cleaning Company, provides janitorial services to non-retail businesses. It has maintained a collective bargaining relationship with the union since 1968
 
 
 [2]
 The union requested the company to furnish information including (a) the names of former and present company officials who had held or were holding managerial or supervisory positions with, or financial or ownership interests in, Maintenance Development and General Building; (b) the names of each supervisory or managerial employee of Maintenance Development and General Building; (c) the position that a particular individual held in Realty Maintenance, Maintenance Development, and General Building; (d) the types of equipment or supplies that the company had been or was currently providing to Maintenance Development and General Building; and (e) the locations of jobsites that Maintenance Development and General Building were now servicing