**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL UNION 497, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Respondent.**

No. 85–7522.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1986.

Decided July 28, 1986.

Howard Perlstein, Washington, D.C., for petitioner.

Hugh S. Hafer, Hafer, Price, Rinehart & Schwerin, Seattle, Wash., for respondent.

Before GOODWIN, HALL and THOMPSON, Circuit Judges.

GOODWIN, Circuit Judge.

Local 497 of the International Brotherhood of Electrical Workers appeals a National Labor Relations Board (NLRB) decision that the local's refusal to disclose to employers the names and addresses of all persons subject to a union hiring hall referral procedure is an unfair labor practice. We affirm.

Local 497, International Brotherhood of Electrical Workers, maintained a hiring hall that by collective bargaining agreement was the exclusive source of electrical workers in the contract area. During negotiations over a new contract, the multiple employer association expressed dissatisfaction with the hiring hall provision, claiming that those referred to the employers were often incompetent. As part of these negotiations, the employers demanded the names and addresses of all union members using the hiring hall, claiming that this would aid in determining the competence of workers. The union agreed to permit the employers to examine the records, but refused to allow the employers to copy them. It claimed that the employers' motive for seeking the records was not to determine competence, but to collect names and addresses for antiunion purposes, including the hiring of union members without going through the hiring hall.

The employers modified their request to include the names of all those using the

hiring hall, not just union members,[1] and brought an unfair labor practice proceeding, claiming that the information sought was relevant to the bargaining process so that the refusal to disclose it was a refusal to bargain in good faith. The union conceded that the information was relevant, but defended its refusal to disclose on the grounds of freedom of association. The NLRB found that the refusal to supply the information was an unfair labor practice and that there were no constitutional objections to the compelled disclosure of the information. This petition for enforcement followed.

 The National Labor Relations Act (NLRA) creates a duty to bargain in good faith. *See* 29 U.S.C. § 158(b)(3) (1982). As part of this duty, the parties to bargaining must disclose information that aids in the bargaining process. *See NLRB v. Associated General Contractors*, 633 F.2d 766, 770 (9th Cir.1980), *cert. denied*, 452 U.S. 915, 101 S.Ct. 3049, 69 L.Ed.2d 418 (1981). A broad discovery standard is used for relevance. *NLRB v. Leland Stanford Junior University*, 715 F.2d 473, 474 (9th Cir.1983). However, the bare assertion that information is needed to process a grievance does not oblige the party from whom it is requested to turn it over. *See Detroit Edison Co. v. NLRB*, 440 U.S. 301, 318, 99 S.Ct. 1123, 1132, 59 L.Ed.2d 333 (1979). Moreover, the Supreme Court has rejected the Board's position that "interests in arguably relevant information must always predominate over all other interests, however legitimate." *Id.*

The Board's responsibility is to balance the arguable relevance of the material against any harm the union may legitimately claim will stem from disclosure. To the extent that these contentions require the resolution of issues of law outside the NLRB's area of expertise, we review for legal error. To the extent that the issues involve considerations intrinsic to ˙labor

law, we defer to the NLRB's reasonable judgments.

The NLRB argues that any privacy interests are irrelevant because the NLRA supersedes all but constitutionally protected associational rights. However, *Detroit Edison* held that the sensitive nature of an employee's test scores made the NLRB's forced disclosure of the information an abuse of its remedial discretion. 440 U.S. at 318–20, 99 S.Ct. at 1132–34. That holding reached no constitutional conclusion.

 The employers in our case sought the names and addresses of the users of the hiring hall. The employer could require employees to disclose their names and addresses as a condition of employment. Moreover, the union was willing to allow outsiders to inspect the list. We are therefore unable to see that the additional disclosure, which merely reduced the burden on employers in collating information, so deals with such sensitive information as to require the employer to meet a higher standard of relevance. *NLRB v. Wyman-Gordon*, 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969).

 The union also claims that its associational right to privacy under the first amendment was infringed by the NLRB's order. *See, e.g., NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 458–60, 78 S.Ct. 1163, 1169–71, 2 L.Ed.2d 1488 (1958) (striking down state law which required organization to disclose the names of its members as violating right to free association because of the potential for harrassment of members and harm to organization). The union is an association which may assert the organizational rights of its members and its own interest against actions which reduce its membership under *NAACP v. Alabama ex rel. Patterson. See International Organization of Masters, Mates, and Pilots v. NLRB*, 575 F.2d

---

1. Because the propriety of a failure to respond to a request for information cannot be based solely on the wording of the initial request, *see Oil, Chemical & Atomic Workers Local Union 6–418 v. NLRB*, 711 F.2d 348, 363 n. 40 (D.C.Cir. 1983); *Ohio Power Co.*, 216 N.L.R.B. 987, 990–91 n. 9 (1975), *enforced*, 531 F.2d 1381 (6th Cir.1976), we are concerned with the modified request for names of union members using the hiring hall.

896, 905 (D.C.Cir.1978). We find, however, that disclosure of the names and addresses of all members using the hiring hall does not threaten the union or the associational rights of union members. While the union claims to fear harrassment or misuse of the names, such actions would violate the contract or the NLRA. The union has failed to point to any facts, either before the NLRB or in this court, suggesting that harrassment is likely. The NLRB's conclusion that retaliation is unlikely is well within its sphere of expertise. On this record, we cannot say the NLRB erred or that any first amendment interests are implicated.

 The union also argues that even if the associational rights of the union and its members were not violated, the NLRB erred in requiring the union to provide a written list of names and addresses of hiring hall users because of the sensitive nature of the information. The sensitive nature of information requested is one factor to be considered by the NLRB in determining whether a party has violated its duty to bargain in good faith by refusing to provide requested information. *See Detroit Edison,* 440 U.S. at 318–20, 99 S.Ct. at 1132–34 (holding that NLRB erred in requiring employer to disclose performance test scores of employees as information for collective bargaining, regardless of employee consent, because of the sensitive nature of the test scores). The names and addresses of persons using the hiring hall do not have the same degree of sensitivity as the performance test scores requested in *Detroit Edison.* The employer could require employees to disclose their names and addresses as a condition of employment, and the union was willing to allow outsiders to inspect the list of names and addresses. The requirement that the union provide employers a written list aided the employers in collating the information without increasing the amount of information disclosed by the union. The union has conceded the relevance of this information. *See Local 13, Detroit Newspaper Printing and Graphic Communications Union v. NLRB,* 233 NLRB 144 (1977), *enf'd,* 598 F.2d 267 (D.C.Cir.1979); *International As-*

*sociation of Asbestos Workers Local No. 80,* 248 NLRB 143 (1980). Under these circumstances, we conclude that the NLRB did not err in finding that the interest in disclosure for bargaining purposes outweighed any interest in the sensitivity or confidentiality of the names and addresses of hiring hall users.

Petition enforced.