70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL,
REINFORCED IRONWORKERS AND RIGGERS, LOCAL UNION
NO. 27, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL,
REINFORCED IRONWORKERS AND RIGGERS, LOCAL UNION
NO. 27, Respondent.
 Nos. 94-70004, 94-70057.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1995.*
Decided Nov. 13, 1995.
 
 1
 Before: KOZINSKI and NOONAN, Circuit Judges, BREWSTER, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 The International Association of Bridge, Structural, Ornamental, Reinforced Ironworkers & Riggers, Local Union No. 27 (the Union) petitions this court to review the order of the National Labor Relations Board (the Board) finding the Union violated its duty of fair representation by failing to provide one of its members a copy of its out-of-work registration list upon request. The Board filed a cross-application to enforce its order. We deny the Union's petition and grant the Board's cross-application for enforcement.
 
 PROCEEDINGS
 
 4
 On September 18, 1991, in response to a charge filed by Raymond Snyder (Snyder) against the Union, the Regional Director of the Board issued a complaint and notice of hearing to the Union. The Director issued an amended complaint and notice of hearing on February 21, 1992. The complaint alleged that the Union committed an unfair labor practice in violation of Section 8(b)(1)(A) of the National Labor Relations Act (Act) by failing to comply with Snyder's request for a copy of the Union's out-of-work registration list for the period from January 1, 1990 to June 30, 1991.
 
 
 5
 On July 30, 1992, a hearing on the matter was held in Salt Lake City, Utah before Administrative Law Judge Gordon J. Myatt (AJ). On July 20, 1993, the AJ found that the Union had committed an unfair labor practice by failing to provide the registration list to Snyder and ordered the Union to provide Snyder with the list. In response, the Union filed exceptions with the Board. On November 23, 1993, the Board affirmed the AJ's decision and ordered the Union to provide Snyder with the list. On January 4, 1994, the Union filed a timely petition for review with this court. On February 7, 1994, the Board filed a cross-application for enforcement of its order.
 
 FACTS
 
 6
 As a part of its collective bargaining agreement with a number of employers, the Union operates an exclusive hiring hall to supply the employers with union ironworkers. The Union represents ironworkers in Utah and parts of Wyoming and Nevada. The Union's offices are located in Salt Lake City, Utah.
 
 
 7
 Unless an employer requests an ironworker by name, the Union refers ironworkers to the employers in sequence from its out-of-work registration list. The list is a set of index cards, one for each ironworker, arranged sequentially so that the worker unemployed for the longest period of time appears at the top of the list. Each index card lists the worker's name, address, telephone number, social security number, previous referrals, and dates of employment.
 
 
 8
 Snyder has been a member in good standing of the Union since 1968. He lives in southern Utah, approximately 150 miles from the Union's office. In June of 1990, Snyder found employment in non-union work, as a vocational instructor for the State of Utah. In the several years prior to June 1991, Snyder had received only a few referrals from the Union, and he received none at all during the preceding seven months. Because of this state of affairs, Snyder testified that he believed that the Union was either bypassing him or had removed his name from the out-of-work registration list.
 
 
 9
 In early June of 1991, Snyder called the Union office and requested a copy of the Union's out-of-work registration list. On June 30, 1991, having received no response, Snyder wrote a letter to the Union and again requested a copy of the registration list. On August 2, 1991, the Union notified Snyder via letter that his request was denied because he was either "not registered on the list or w[as] working."
 
 
 10
 At the hearing before the AJ, the Union testified that, in the mid-1980s, its members had passed a motion restricting access to information consisting of member names, addresses, and telephone numbers in order to prevent telephone solicitations and other forms of harassment. The Union also testified that it was customary for union members to come to the hiring hall periodically to review their own index card, as well as the index cards of other members. Members were not permitted, however, to copy any information off of the list. Finally, the Union testified that Snyder had called the Union and instructed it to refer him only to "decent jobs." At the time of the call, Snyder also explicitly requested that his name remain on the list.
 
 
 11
 In finding for Snyder, the AJ found that the Union had a duty to provide Snyder with the registration list so that he could determine whether he had been fairly treated with respect to job referrals. The AJ found that the Union's refusal to provide the list was "arbitrary," and thus, that the Union had committed an unfair labor practice in violation of Section 8(b)(1)(A) of the Act. The AJ found that Snyder's "instructions that he not be called [did] not nullify the validity of his request for the referral information" because he had also specifically requested that his name remain on the registration list.
 
 
 12
 Balancing the burden on the Union against the burden on Snyder, the AJ concluded that "the circumstances of this case require the Union to copy and furnish the referral information to Snyder." Finally, balancing the members' privacy concerns against Snyder's statutory rights, the AJ ordered the Union to provide Snyder with the telephone numbers and addresses of the members "to enable Snyder to verify the accuracy of the out-of-work lists." The AJ also ordered that the members' social security numbers not be included in the information provided to Snyder.
 
 ANALYSIS
 
 13
 Requiring a union to provide a registration list to a party with a direct interest in the hiring practices of the union is well within the discretion of the Board. See NLRB v. Local Union 497, Int'l. Bhd. of Elec. Workers, 795 F.2d 836, 839 (9th Cir.1986). In the instant case, the Board found the Union's refusal to provide Snyder a copy of the registration list to be arbitrary and thus an unfair labor practice in breach of its duty of fair representation. The Board's interpretation of the Act is reasonable, and its finding is supported by substantial evidence.
 
 
 14
 Moreover, the Board's decision does not infringe the first amendment associational rights of the Union members. The record does not show any facts suggesting Snyder intends to use the Union's registration list for harassment or other improper purposes. Mere disclosure of union membership does not implicate first amendment interests absent a showing that such disclosure would likely lead to harassment of its members. See id. at 838-39.
 
 
 15
 Accordingly, we DENY the Union's petition and GRANT the Board's cross-application for enforcement.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Rudi M. Brewster, United States District Judge, Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3