**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>        Petitioner,<br><br>GARY ELIAS,<br><br>        Intervenor,<br><br> v.<br><br>INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, LOCAL 720, AFL-CIO, CLC,<br><br>        Respondent. | No.   16-72174<br><br>Board No. 28-CB-131044<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted November 17, 2017
San Francisco, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,[**] District Judge.

The National Labor Relations Board (the "Board") petitioned this court for enforcement of an order, requiring Local 720 (the "Union") to provide referral information to Union member Gary Elias. Pursuant to 29 U.S.C. § 160(e), this court has jurisdiction to review a final order of the Board. "We will uphold decisions of the Board if its findings of fact are supported by substantial evidence and if it correctly applied the law." *N.L.R.B. v. Unbelievable, Inc.*, 71 F.3d 1434, 1438 (9th Cir. 1995). The Board's chosen remedy will "only [be] set aside by this court for 'clear abuse of discretion.'" *Int'l Bhd. of Elec. Workers, Local 21 AFL-CIO v. N.L.R.B.*, 563 F.3d 418, 423 (9th Cir. 2009) (quoting *Cal. Pac. Med. Ctr. v. N.L.R.B.*, 87 F.3d 304, 311 (9th Cir. 1996)).

The Union first asserts that the Board did not have jurisdiction to hear this dispute because it was required to have, but did not establish, jurisdiction over each employer to which the Union refers workers. However, the Board was not required to have jurisdiction over each individual employer because the sole remedy sought by Mr. Elias was an order requiring the Union to provide its own referral

---

[**] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

2

information.[1] It is undisputed that the National Labor Relations Act (the "Act") applies to the Union. Accordingly, the Board had jurisdiction.

The Union next objects to the Board's finding that it operates an exclusive hiring hall. The record includes agreements that the Union had with various employers that require the employers to first use the Union's referral service. Therefore, substantial evidence supports the Board's finding that the Union operated an exclusive hiring hall.

The Union next maintains that Mr. Elias's claim is barred by the applicable statute of limitations. Under Section 10(b) of the Act, complaints cannot be filed more than six months after the "unfair labor practice." 29 U.S.C. § 160(b). In this case, the unfair labor practice occurred when the Union did not provide all of the requested referral information to Mr. Elias in early 2014. It is undisputed that Mr. Elias filed his complaint within six months of those events. Therefore, the statute of limitations does not bar Mr. Elias's complaint.

The Union next asserts that it should not be required to turn over addresses and phone numbers because Union members have a First Amendment right to

---

[1] The Union relies on *Fisher Theatre* to support its claim. However, in *Fisher Theatre* the remedy sought and obtained by the union member required both the employer theater as well as the union to stop discriminating in referring union members for employment. 240 NLRB 678, 696 (1979). Here, the remedy is directed solely at the Union.

privacy and the Union has a duty to fairly protect the privacy rights of its members.[2] The Union is mistaken. In *N.L.R.B. v. Local Union 497, International Brotherhood of Electrical Workers, AFL-CIO*, 795 F.2d 836, 839 (9th Cir. 1986), this court held that "disclosure of the names and addresses of all members using the hiring hall does not threaten the union or the associational rights of union members."[3] Moreover, substantial evidence in the record supports the Board's finding that the Union did not have a confidentiality policy that was meant to protect the privacy of its members. Therefore, the Union is not precluded from providing the requested information to Mr. Elias.

Tina Elias was not a party to the complaint; nonetheless, the Board did not err in requiring the Union to provide the referral information as relevant to her. In *International Brotherhood of Electrical Workers, Local 24 (Mona Electric)*, 356 NLRB 581, 581–82 (2011), the Board found that a non-party to a complaint who was a witness in support of the allegations in the complaint and who was cross-examined at the Board hearing was active enough in the case to allow him to review the hiring hall records. In this case, Ms. Elias was similarly active in Mr.

---

[2] The Union does not assert that there are First Amendment or other privacy interests at stake with Union members' priority rating for referrals.

[3] This reasoning logically extends to phone numbers; as the Union acknowledges, "telephone numbers . . . are analogous to addresses."

Elias's case. She was named in the second letter sent by Mr. Elias; she testified as a witness at the administrative hearing; and she was cross-examined by the Union. Therefore, the Board acted within its authority to accord the relief requested as to Ms. Elias.

Finally, the Union asserts that it is unclear from the Board's decision what referral information must be provided.[4] The Board ordered the Union to provide the referral information requested in Mr. Elias's two letters. Even if the April 24th letter was not entirely clear as to what Mr. Elias was requesting, the Board adopted the findings of the administrative law judge, which provided detailed clarification of what needed to be disclosed. Accordingly, the Board's order is sufficiently clear and will be enforced.

**ENFORCEMENT GRANTED.**

---

[4] The Union also asserts that Mr. Elias was not registered and eligible for referrals during the periods in question. But the Union ignores Mr. Elias's credited testimony. Credibility findings are entitled to special deference and may only be rejected when a clear preponderance of the evidence shows that they are incorrect. *See Healthcare Emps. Union, Local 399, Affiliated With Serv. Emps. Int'l Union, AFL-CIO v. N.L.R.B.*, 463 F.3d 909, 914 n.8 (9th Cir. 2006). The Union points to nothing that rebuts Mr. Elias's testimony. Thus, substantial evidence supports the Board's decision.

5